EDWIN F. ALDEN, WSBA #6497
Attorney at Law
3902 West Clearwater, Suite 108
Kennewick, WA   99336-2676
(509)735-0441

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **UNITED STATES OF AMERICA**, )<br>)<br>Plaintiff, )<br>vs.           )<br>)<br>**GUILLERMO CARDENAS**,     )<br>)<br>Defendant.  )<br>) | NO.  CR-02-06057-FVS<br><br>**MEMORANDUM  IN SUPPORT OF DEFENDANT'S REQUEST FOR   RE-SENTENCING ON REMAND** |

## STATEMENT OF FACTS

The Defendant in this matter, Guillermo Cardenas,  was charged by Superceding  Indictment with 16 Counts on December 6, 2002.  The Defendant entered into a Plea Agreement with the Government on May 15, 2003 which, amongst other provisions,  pled to a single count  (Count 16) of the Superceding Indictment alleging:  "Knowingly and Intentionally Possessing with Intent to Distribute 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule I Controlled Substance,  All in Violation of Title 21, U.S. Code, § 841(a)(1)".

The parties agreed that the total amount of controlled substance to be used in

determining relevant conduct was in an amount equivalent to 988.638 kilograms of marijuana. The agreement recommended the low end of the applicable Guideline range and allowed the Defendant to make a request for downward departure and the Government would not object to any sentence imposed of less than 60 months. (Plea Agreement at Page 3.)

The Plea Agreement indicated a Guideline range of 70-87 months, with the Government recommending the low end of the Standard Range. The Defendant was sentenced to the low end of the Standard Range, as was calculated by Probation, in the amount of 87 months.

The Defendant filed a Notice of Appeal on November 20, 2003. The Defendant also filed a Motion for Remand for a *Ameline* review. The Court of Appeals remanded this matter for further proceedings consistent with *United States v. Ameline, 409 F.3d 1073, 1084-5 (9th Cir. 2005)(En Banc)*.

### QUESTION PRESENTED:

The Court may have imposed a materially different sentence had the Court known that the Sentencing Guidelines were advisory only.

It is apparent that the Defendant's sentence may well have been significantly less if the Court were apprised that the U. S. Sentencing Guidelines were advisory

rather than mandatory. The Court and Counsel failed to consider significant mitigatory and remedial factors pursuant to 18 U.S.C. § 3353(a) and 18 U.S.C. § 3661 and not exclusively the Guidelines themselves.

Subsequent to ***United States v. Booker, 125 Sup. Ct. 738 (2005)*** the Sentencing Reform Act requires a Court to consider Guideline Ranges, (see: 18 U.S.C. § 3553 (a)(4)) but it permits the Court to tailor the sentence in light of other statutory concerns, as well. Thus, under ***Booker, Supra*** sentencing Courts must treat the Guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553 (a). The primary directive in 18 U.S.C. § 3553 (a) is for sentencing Courts to:

> "Impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in Paragraph 2."

18 U.S.C. § 3553 (a)(2) states that such purposes are:

(A)  To reflect the seriousness of the offense, to promote respect for the law and to provide such punishment for the offense;

(B)  To afford adequate deterrents to criminal conduct;

©  To protect the public from further crimes of the Defendant;

(D)  To provide the Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most

effective manner.

In determining the minimally sufficient sentence 18 U.S.C. § 3553 (a) further directs sentencing Courts to consider the following factors:

(1) The nature and circumstances of the offense and the history and characteristics of the Defendant;

(2) The kinds of sentences available;

(3) The need to avoid unwarranted sentence disparities amongst Defendants with similar records who have been found guilty of similar conduct;

(4) The need to provide restitution to any victims of the crime.

Other statutory sections also give the District Court direction in sentencing. Under 18 U.S.C. § 3582, imposition of a term of imprisonment is subject to the following limitation:

"In determining whether and to what extent imprisonment is appropriate based on the 18 U.S.C. § 3553 (a) factors; the Judge is required to "recognize" that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under 18 U.S.C. § 3661:

"No limitation shall be placed on the information concerning the background, character, and the conduct of which a Court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

This statutory language certainly overrides the (now advisory) policy statements in

Part H of the Sentencing Guidelines, which list as "Not ordinarily relevant" to sentencing a variety of factors such as the Defendant's age, educational and vocational skills, mental and emotional conditions, drug and alcohol dependency, and lack of guidance as a youth.

The Court in this matter was originally urged to sentence to the low end of the Sentencing Guidelines and only mild objection by retained counsel that the Pre-sentence Report computation was greater than either the Defendant's counsel or the Government had assumed.

The Plea Agreement in this matter anticipated a plea and recommended sentence of 60 months. In this case, the Government and the Defendant were vying for the minimum sentence, but not less than 60 months. In that the Court sentenced the Defendant to the minimum sentence, it seems apparent that the Court honored the agreement of the parties to the extent believed to be legally permissible.

Although the Plea Agreement permitted Defendant's counsel to file a request for downward departure, apparently there was no objection to the Pre-Sentence Report, nor was request for downward departure made. Apparently relying upon the limitations of the Sentencing Guidelines, retained counsel did not request a downward departure, although in retrospect, several approaches were available. Immediately comes to mind uncharged relevant conduct substantially increased the

sentence in this matter.  ***United States v. White, 240 F.3d 127, 136 (2d Cir. 2001)***;  ***United States v. Cordoba Murgas, 233 F.3d 704, 709 (2d Cir. 2000); United States v. Gigante, 94 F.3d 53, 56 (2nd Cir. 1996)***;  ***United States v. Koczuk, 166 F. Supp 2d 757 (Eastern District New York 1002)***.

The Defendant made efforts to cooperate, but this was apparently unnecessary in that other Defendants had pled prior to this arrest. It could be argued that the Defendant manifested a super acceptance of responsibility*.*  ***5K2.0(d)(2) United States v. Brown, 985 F.2d 478, 482-83 (9th Cir. 1993).***

The Defendant's counsel indicated to the Court the serious medical problems and condition of the Defendant's daughters and this, as well, could have been a basis for a downward departure due to an extraordinary family situation.  ***5H1.6 U.S.S.G.. United States v. Leone, 341 F.3d 928 (9th Cir. 2003)***;  ***United States v. Aguirre, 214 Fed. 3d 1122 (9th Cir. 2000)***.

It is also interesting to note that the Defendant's counsel, at sentencing, failed to object to the Pre-Sentence Report and the two point increase pursuant to ***"U.S.S.G. 4A1.1(d)"***.  It would appear from the Pre-Sentence Report that the probationary period was terminated pursuant to it's own terms prior to the instant offense and there is a serious question as to the propriety of that two point increase making a maximum of 4 criminal history points increasing the Defendant's criminal

history category from I (which all parties relied upon) to a III.

These issues only become significant in light of the unknown circumstance that the United States Sentencing Guidelines are currently advisory. It is apparent that counsel for both parties would have proceeded differently. As reflected in Circuit Judge Gould dissenting in *Ameline* stated:

> "Because 'the universe of factors that guides sentencing is larger than it was pre- *Booker*,' there are many issues that Defendants before *Booker*, might not have raised or emphasized at their original sentencing hearings that the District Courts can now freely consider under the advisory guidelines system. Requiring the District Court to obtain the views of counsel in writing does not make the abbreviated process outlined by the majority an adequate substitute for the sentencing process mandated by *Booker*. Sentencing involves 'subtle issues as to how much emphasis ought to be given to particular facts and circumstances' that can be resolved 'completely only after hearing witnesses and seeing the evidence'. Additionally, a District Court Judge reviewing a cold incomplete record supplemented by written arguments does not have the benefit of evaluating the relevant facts in the context of the human dynamics that come into play during sentencing hearings. In short, it is hard to see how even the original sentencing Judges would be able to give an accurate assessment of how they would have acted had the guidelines been advisory when they were sentencing pre - *Booke*r Defendants. . . . "

In this case the Government and the Defendant were vying for the minimum sentence, but not less than 60 months. In that the Court sentenced to the minimum sentence, it seems apparent that the Court honored the agreement of the parties to the extent known to be legally permissible. It is urged upon the Court that a sentence of

60 months was acceptable to the Government and urged by the Defendant.  In light of  **<u>United States v. Ameline</u>, 409 F.3d 1073, 1084-5 (9th Cir. 2005)(En Banc)**, considering all of the factors in this matter,  such a sentence would be appropriate, there should be a new sentencing date set, and the Defendant, in the post - **<u>Booker</u>** world would pursue that sentence.  To more specifically address the exact question remanded  by the Court  of Appeals, 9th Circuit, it is urged that the Court find that this Court's sentence would have been materially different if it were understood by <u>all of the parties</u> that the Sentencing Guidelines were advisory.

DATED this  2nd  day of November, 2005.

/s/ Edwin F. Alden
EDWIN F. ALDEN

I hereby certify under penalty of perjury of the laws of the State of Washington that on  November 2, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: James A. McDevitt, Assistant United States Attorney.

/s/ Edwin F. Alden
EDWIN F. ALDEN, WSBA #6497
Attorney for Defendant Cardenas
3902 West Clearwater, Suite 108
Kennewick,  WA  99336-2676
(509)735-0441
Fax: (509)783-9073