JAMES A. McDEVITT
United States Attorney
Eastern District of Washington
ROBERT A. ELLIS
Assistant United States Attorney
402 East Yakima Avenue, Suite 210
Yakima, Washington  98901
(509)454-4425

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO:   CR-02-6057-FVS |
| Plaintiff, | |
| V. | UNITED STATES MEMORANDUM ON AMELINE REMAND |
| GUILLERMO CARDENAS, | |
| Defendant. | |

COMES NOW the Plaintiff, United States of America, by and through its attorney, James A. McDevitt, United States Attorney for the Eastern District of Washington, and Robert A. Ellis, Assistant United States Attorney, and submits the following memorandum regarding the <u>Ameline</u> remand of this action.

Mr. Cardenas entered a plea of guilty to a written plea agreement. That plea agreement included a stipulation as to the amount of narcotics to be used in calculating the offense level. The sentence imposed by the court was based upon that calculation.

The plea agreement indicated at the attached worksheet that Mr. Cardenas was believed to be in Criminal History Category I. The presentence investigation report revealed a 2000 conviction in Benton County which, based upon a sentence

UNITED STATES MEMORANDUM ON <u>AMELINE</u> REMAND - 1

of 60 days, resulted in a total raw score of 4 and a Criminal History Category of III.  The resulting guideline range was 87 to 108 months.

In accordance with the plea agreement the government recommended the low end of the applicable guideline range.  The defendant reserved the right to file a motion for a downward departure but did not do so.  The court imposed a sentence of 87 months.

The issue before the court is whether it would have imposed some other sentence had it been aware the sentencing guidelines were advisory and not mandatory.  The record before the court at sentencing was the presentence investigation report and the remarks of counsel at the sentencing hearing.  Mr. Cardenas had been convicted of a narcotics trafficking offense less than two years prior to his involvement in the trafficking activities resulting in these charges.  His prior conviction involved several ounces of cocaine and approximately $34,000.  This indicates a multiple kilo level transaction.  Yet two years later, he is engaging in similar conduct.

At the sentencing hearing, it was indicated Mr. Cardenas had a daughter with medical problems.  It is never persuasive to the government when a defendant asks the court to consider the medical problems of a child or spouse when the defendant himself did not view that medical problem as sufficient motivation to change his course of conduct.  The government sees nothing in this record which would indicate a sentence other than one within the guideline range would be appropriate.

DATED:  November 8, 2005

                        JAMES A. McDEVITT  
                        United States Attorney

                        s/Robert A. Ellis  
                        ROBERT A. ELLIS  
                        Assistant U.S. Attorney

UNITED STATES MEMORANDUM ON <u>AMELINE</u> REMAND - 2

|    |    |
|----|----|
| 1  |    |
| 2  | I hereby certify that on November 8, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following: Edwin Alden, attorney for Defendant. |
| 3  |    |
| 4  |    |
| 5  |    |
| 6  | s/Robert A. Ellis<br>Robert A. Ellis<br>Assistant United States Attorney<br>United States Attorneys Office<br>402 E. Yakima Ave., Suite 210<br>Yakima, WA   98901<br>(509) 454-4425<br>(509) 454-4435 (fax) |
| 7  |    |
| 8  |    |
| 9  |    |
| 10 |    |
| ...|    |
| 28 | UNITED STATES MEMORANDUM ON <u>AMELINE</u> REMAND - 3 |