UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br><br>GUILLERMO CARDENAS,<br><br>    Defendant. | No. CR-02-6057-FVS<br><br><br>ORDER |

**THE NINTH CIRCUIT** remanded the above-entitled action for proceedings consistent with *United States v. Ameline,* 409 F.3d 1073, 1084-85 (9th Cir. 2005) (en banc). The defendant is represented by Edwin F. Alden; the government by Robert A. Ellis.

**BACKGROUND**

On May 15, 2003, the defendant pleaded guilty to one count of possession with intent to distribute a controlled substance. He stipulated to the quantities of the various controlled substances for which he was accountable. The parties assumed that the defendant had no countable criminal history. Had their assumption been warranted, the guideline range would have been 70-87 months. The government acknowledged the defendant might move for downward departure. The government agreed not to oppose departure as long as the defendant did not request a sentence below 60 months. As it turned out, the defendant had forgotten the fact that he had been convicted in 2000 of a felony drug offense in Benton County Superior Court. This precluded him from taking advantage of the "safety valve" and resulted in a guideline range of 87-108 months. After this

ORDER - 1

conviction came to light, the defendant did not move for downward departure. The Court sentenced him to a term of 87 months imprisonment.

**RULING**

The defendant claims his former attorney should have objected to the calculation of his criminal history category and should have sought downward departure on grounds of extraordinary acceptance of responsibility and family considerations. Neither contention is persuasive. To begin with, he was under state-imposed judicial supervision when he committed the first of the distributions that he admitted in the plea agreement and upon which his conviction rests. Thus, the Probation Officer properly recommended adding two points to the defendant's criminal history score based upon the existence of ongoing supervision. U.S.S.G. § 4A1.1(d). Nor are the circumstances of the defendant's case extraordinary in any respect. Thus, the Court would not have departed below the guideline range. This does not necessarily preclude resentencing. The issue is whether the Court would have imposed the 87-month prison term had the guidelines been advisory at the time sentence was pronounced. After reviewing the matter, the Court is satisfied that the sentence it would have imposed would not have differed materially had the Court known the Sentencing Guidelines are advisory.

**IT IS HEREBY ORDERED:**

The Court declines to resentence the defendant.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to enter this order and furnish copies to counsel.

**DATED** this ___7th___ day of March, 2006.

                                                s/Fred Van Sicle
                                                Fred Van Sickle
                                      United States District Judge